UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARIA TRINIDAD NUNEZ, | No. ED CV 14-00193-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

          considered the relevant medical evidence of record in regard to assessing Plaintiff's residual functional capacity; and

2. Whether the ALJ properly considered Plaintiff's subjective complaints and properly assessed her credibility as well as those statements made by Plaintiff's daughter.

(JS at 3-4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded for a <u>de novo</u> hearing.

**I**

**THE ALJ ERRED BY FAILING TO ADDRESS CHRONIC FATIGUE SYNDROME**

In Plaintiff's first issue, she asserts that the ALJ did not properly consider the relevant medical evidence in determining the question of disability.

Following the well-recognized five-step Sequential Evaluation (AR 19-20), the ALJ determined that Plaintiff has the following severe impairments: lumbosacral strain; status-post bladder injury; hypertension; obesity; small calcaneal spurs; major depressive disorder; anxiety disorder; and possible borderline intellectual functioning. (AR 20.) The ALJ also specifically determined that Plaintiff has certain impairments which are not severe: mild degenerative joint disease of the right foot; minimal changes in the knees, bilaterally; and abdominal pain. (AR 21.) The ALJ failed to address Chronic Fatigue Syndrome ("CFS"), the omission of which forms

1 the basis for the Court's reversal of the Decision.

2 The ALJ determined that Plaintiff's impairments or combination of
3 impairments do not meet or equal any of the Listings. He then
4 determined that Plaintiff's residual functional capacity ("RFC")
5 allows her to "perform medium work with frequent postural activity; a
6 restroom that must be in close proximity to the work area; and
7 limitation to simple and routine tasks performable by a non-English
8 speaking person."

9 At the hearing held on September 24, 2012, Plaintiff was
10 represented by an attorney, and testified. The ALJ also heard
11 testimony from a vocational expert ("VE"). (AR 33-57.)

12 Considering the Plaintiff's vocational background and testimony,
13 and the testimony of the VE, the ALJ determined that Plaintiff is
14 capable of performing her past relevant work ("PRW"), as identified in
15 the Decision. (AR 27-28.) Consequently, the ALJ did not reach Step
16 Five of the Sequential Evaluation, and found Plaintiff to not be
17 disabled. (AR 28.)

18 Plaintiff reported that she has insomnia and takes medication for
19 depression. (AR 270.) As noted by Plaintiff's counsel in the JS,
20 treating physician Dr. Webb ordered tests due to Plaintiff's
21 subjective complaints including fatigue (AR 320), and then in May
22 2011, diagnosed that Plaintiff suffers from CFS. (AR 345.) As also
23 noted by counsel, Plaintiff complained to her physicians that she had
24 low energy and fatigue on numerous occasions. (AR 421, 320, 420, 433,
25 449.)

26 The Commissioner does not dispute that there is evidence in the
27 record that Plaintiff has been diagnosed with CFS. (See JS at 15.) The
28 Commissioner's position, however, is that the ALJ, while not having

3

explicitly discussed these complaints and diagnoses, was not required to do so. (Id., citing Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012.)

The Hiler case cited by the Commissioner does not deal with CFS, and does not stand for the proposition advanced by the Commissioner, which is that the ALJ had no responsibility to address CFS. Indeed, Social Security Ruling ("SSR") 99-2p addresses CFS, and, further addresses the steps which must be taken by the adjudicator (ALJ) who finds that an individual with CFS has a medically determinable impairment. In that case, SSR 99-2p requires that the adjudicator "proceed to evaluate the intensity and persistence of the symptoms." In particular, the following is stated:

> "Thus, if an adjudicator concludes that an individual has a medically determinable impairment and the individual alleges fatigue, pain, symptoms of neurocognitive problems, or other symptoms consistent with CFS, these symptoms must be considered in deciding whether the individual's impairment is 'severe' at Step Two of the Sequential Evaluation process and at any later Steps reached in the Sequential Evaluation process."

Based on these requirements, the Court finds that the Commissioner's position that the ALJ was simply not required to address CFS in the context of this case is not supportable. There are sufficiently clear references in the record, including diagnoses, that should have triggered the ALJ to make further inquiries; however, there is no discussion in the Decision as to whether or not Plaintiff's CFS is a severe impairment. This is all the more notable

4

1  because in this Decision, the ALJ noted that Plaintiff has certain
2  impairments which he considered to be not severe. (See AR at 21.)
3       Step Two of the Sequential Evaluation process is critical,
4  because it determines whether or not an impairment is or is not
5  severe. As noted in the quoted portion of SSR 99-2p, if an impairment
6  is determined to be severe, then the remaining steps of the Sequential
7  Evaluation process are triggered with regard to an evaluation of the
8  effects, if any, of the severe impairment. These findings can affect
9  other conclusions and determinations made by an ALJ, and for that
10 reason, the Court declines to address the numerous other issues raised
11 by Plaintiff in this litigation. By remanding the matter for a de novo
12 hearing, the Court intends just that: the Sequential Evaluation
13 process must be performed anew as to all allegations of potentially
14 disabling conditions which appear in the record.
15      For the foregoing reasons, this matter is reversed and remanded
16 for a de novo hearing.
17      **IT IS SO ORDERED.**

19 DATED: September 3, 2014                /s/
                                         VICTOR B. KENTON
20                                       UNITED STATES MAGISTRATE JUDGE